JS-6

1  ANNA Y. PARK (SBN 164242)
2  SUE J. NOH (SBN 192134)
   sue.noh@eeoc.gov
3  THOMAS S. LEPAK (SBN 245649)
   thomas.lepak@eeoc.gov
4  U.S. EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION
5  255 East Temple Street, Fourth Floor
   Los Angeles, CA 90012
6  Telephone:  (213) 894-1082
   Facsimile:  (213) 894-1301
7  E-Mail:  lado.legal@eeoc.gov

8  Attorneys for Plaintiff
   U.S. EQUAL EMPLOYMENT
9  OPPORTUNITY COMMISSION

10  GEORGE W. ABELE (SB# 149846)
    georgeabele@paulhastings.com
11  HOLLY R. LAKE (SB# 204304)
    hollylake@paulhastings.com
12  PAUL HASTINGS LLP
    515 South Flower Street, Twenty-Fifth Floor
13  Los Angeles, CA  90071-2228
    Telephone:  (213) 683-6000
14  Facsimile:  (213) 627-0705

15  Attorneys for Defendant
16  UPS SUPPLY CHAIN SOLUTIONS

17
18              **UNITED STATES DISTRICT COURT**
19              **CENTRAL DISTRICT OF CALIFORNIA**
20

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No.:  CV 06-6210 ABC (Ex) |
| Plaintiff, | **CONSENT DECREE AND ORDER** |
| vs. | |
| UPS SUPPLY CHAIN SOLUTIONS, | |
| Defendant. | |

1

I.

INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") and Defendant UPS Supply Chain Solutions ("Defendant") hereby stipulate and agree to entry of this consent decree and order ("Decree") to resolve the Commission's complaint against Defendant in U.S. Equal Employment Opportunity Commission v. UPS Supply Chain Solutions; Civil Case No. 06-6210 (the "Action"). On September 28, 2006, EEOC brought this Action against Defendant pursuant to Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991. In the Action, EEOC alleged that Defendant discriminated against Charging Party Mauricio Centeno ("Charging Party") by failing to reasonably accommodate his disability—deafness—while he was employed at Defendant's facility in Gardena, California.

II.

PURPOSES AND SCOPE OF THE CONSENT DECREE

A.     This Decree is made and entered into by and between EEOC and Defendant (collectively, the "Parties").

B.     The Parties have entered into this Decree for the following purposes:

     1.     To provide appropriate monetary and injunctive relief;

     2.     To ensure that Defendant's employment policies and practices comply with federal law;

     3.     To ensure training for Defendant's personnel with respect to their obligations under federal law; and

     4.     To ensure a workplace free from retaliation.

C.     Any provision intended to bind or be enforceable against Defendant shall bind and be enforceable against Defendant's officers, directors, agents, successors, and assigns.

1  D.     Defendant denies any wrongdoing or liability related to the allegations
2  raised in the Action and nothing in this Decree shall be construed as an admission
3  of wrongdoing or liability by Defendant.

4  III.

5  RELEASE OF CLAIMS

6  A.     This Decree fully and completely resolves all issues, claims and
7  allegations raised in the complaint filed on September 28, 2006, by EEOC in this
8  Action in the United States District Court, Central District of California, captioned
9  U.S. Equal Employment Opportunity Commission v. UPS Supply Chain Solutions,
10  Case No. CV 06-6210 ABC (Ex).  Charging Party will separately execute a release
11  of all claims, to which the EEOC is not a party.  Defendant shall pay for Charging
12  Party to consult for one hour with an independent attorney regarding the
13  agreement.

14  B.     Nothing in this Decree shall be construed to preclude the Commission
15  from moving to enforce this Decree in the event that Defendant fails to perform the
16  promises or representations contained herein.

17  C.     Nothing in this Decree shall be construed to limit or reduce
18  Defendant's obligation to comply with the ADA or any other federal law.

19  D.     This Decree in no way affects EEOC's right to bring, process,
20  investigate, or litigate other charges that may be in existence or may later arise
21  against Defendant in accordance with standard EEOC procedures.

22  IV.

23  JURISDICTION AND FINDINGS

24  A.     The Court has jurisdiction over the Parties and the subject matter of
25  this Action.  The complaint in this Action asserts claims that, if proven, would
26  authorize the Court to grant the equitable relief set forth in this Decree.

27  B.     The terms and provisions of this Decree are fair, reasonable, and just.

28

C.     This Decree conforms with the Federal Rules of Civil Procedure and the ADA and is not in derogation of the rights or privileges of any person.

D.     The Court shall retain jurisdiction of this Action during the duration of the Decree for the purpose of entering any order, judgment, or decree that may be necessary to implement the relief provided herein.

V.

EFFECTIVE DATE AND DURATION OF DECREE

The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date"). This Decree shall remain in effect for two years after the Effective Date.

VI.

MODIFICATION AND SEVERABILITY

A.     This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.

B.     By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate its provisions.

C.     No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

D.     If one or more of the provisions of this Decree are rendered unlawful or unenforceable, the Parties shall make good-faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect unless, despite the Parties' best efforts, the purposes of this Decree cannot be achieved.

VII.

COMPLIANCE AND RESOLUTION

A.     The Parties expressly agree that if the Commission has reason to believe that Defendant has failed to comply with any provision of this Decree, the

Commission may file a motion before this Court to enforce the Decree.  The parties further agree that any such motion that pertains to Sections IX.A. or B. will be limited to matters related to this Action brought on behalf of Mr. Centeno.  Prior to initiating such action, the Commission will notify Defendant and/or its legal counsel of record, in writing, of the nature of the dispute.  This notice shall specify the particular provision(s) that the Commission believes Defendant has breached.  The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the Commission's notice.

B.      Absent a showing by either party that the delay will cause irreparable harm, Defendant shall have thirty (30) days to attempt to resolve or cure the putative breach.  If thirty (30) days have passed without resolution or agreement to extend the time further, the Commission may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree for such period of time as Defendant is shown to be in breach of the Decree, as well as the Commission's costs and attorney's fees incurred in securing compliance with the Decree.

VIII.

MONETARY RELIEF

A.      Defendant shall pay to Charging Party $ 95,000.00 (ninety-five thousand dollars) (the "Settlement Amount") in settlement of the Action.  Within ten (10) days after the Effective Date, Defendant, via certified mail, shall mail to Charging Party a check for the entire Settlement Amount made payable to Mauricio Centeno.

B.      The Settlement Amount shall be designated as non-wage compensation under the ADA, and no tax withholding shall be made.  Defendant shall prepare and distribute to Charging Party 1099 tax reporting forms and shall make the appropriate reports to the Internal Revenue Service and other tax authorities.

5

C.      Within seven (7) days of the issuance of the check, Defendant shall submit a copy of the check and related correspondence to Anna Y. Park, EEOC Regional Attorney, 255 East Temple Street, 4th Floor, Los Angeles, California, 90012.

## IX.

## INJUNCTIVE RELIEF

A.      <u>Non-Discrimination</u>

Defendant is enjoined in this Action not to discriminate against any qualified individual because of his or her disability, as required by law.

B.      <u>Non-Retaliation</u>

Defendant is enjoined in this Action not to engage in, implement, or permit any action, policy, or practice with the purpose of retaliating against because such employee or applicant has, during the term of this Decree: (a) opposed any practice made unlawful under the ADA or ADAAA; (b) filed a charge of discrimination alleging such practice; (c) testified or participated in an investigation or proceeding in connection with this case or relating to any claim of an ADA or ADAAA violation; (d) been identified as a possible witness or claimant in this Action; (e) asserted any rights under this Decree; or (f) sought and/or received any relief in accordance with this Decree.

C.      <u>ADA Coordinator</u>

The Occupational Health Manager has been designated as the ADA Coordinator.  The ADA Coordinator shall be tasked with the following duties:

1.      Monitor and ensure the distribution of any documents and posting of notice as required by this Decree;

2.      Monitor and ensure the retention and maintenance of any documents or records required by this Decree;

3.      Monitor the preparation of any reports required by this Decree to ensure accuracy and completeness;

4.    At least quarterly through the term of the Decree, conduct and document an audit of accommodation requests, the interactive process, accommodation decisions, and any complaints of disability discrimination or retaliation, and report findings to the EEOC as required below.  The audit will include a review of coverage determinations, if any, regarding the impairments listed in 29 C.F.R. § 1630.2(j)(3)(iii) to ascertain (a) whether the company concluded the impairment was covered, and (b) the length of time between receipt of medical documentation regarding the impairment and the commencement of the interactive process.

5.    Ensure that deaf employees or hard-of-hearing employees that identify themselves as deaf or hard-of-hearing to a manager or supervisor are made aware of their right, if qualified, to receive available reasonable effective accommodations at any trainings, performance evaluations, discipline meetings, interactive processes, investigations, staff meetings, or company events like award ceremonies, team-building events, and formal social events where presentations are made, and ensure that, if requested, qualified deaf or hard-of-hearing employees receive available reasonable effective accommodations, which may include the provision of a certified sign language interpreter or other effective means of communication, provided it does not constitute an undue hardship;

6.    Review Defendant's policies and procedures to ensure the following:

a.    Defendant's policies for the deaf and hard of hearing employees provide opportunities for those employees to understand their rights and responsibilities under the ADA, the ADAAA, and this Decree, including that federal law requires Defendant to timely provide an available effective reasonable accommodation with regard to all terms, conditions, benefits, and privileges of employment, which includes trainings, performance evaluations, discipline meetings, interactive processes, investigations, staff meetings, office equipment,

7

company facilities, and company events like award ceremonies, team-building activities, and formal social events where presentations are made;

b. Defendant's policies provide opportunities for employees to understand how to request an accommodation and/or how to accept a request for accommodation, as well as contact information for the office he/she can contact with questions or concerns;

c. Defendant timely provides to eligible applicants or employees an available effective reasonable accommodation with regard to all terms, conditions, benefits, and privileges of employment, provided it does not constitute an undue hardship;

d. Defendant engages in open and frequent communication with its employees throughout the interactive process, including an early face-to-face meeting with the applicant or employee to discuss possible effective accommodations and the provision of the name of the Human Resources contact person that the applicant or employee can contact with questions or concerns at any time in the process;

e. Defendant reviews any accommodation decision with the applicant or employee, including a communication to provide in writing to the applicant or employee the decision and reasons for the denial of accommodation request;

f. Defendant is available for a follow-up meeting with the applicant or employee to discuss his/her work and any work-related problems, and to provide additional means for raising questions or concerns through the Company's Employee Dispute Resolution Program or though the Company's Help Line;

g. Defendant conducts a prompt, thorough, and impartial investigation into and resolution of any complaint of disability discrimination or

retaliation brought by deaf or hard of hearing employees, protects the confidentiality of the complaint to the extent possible, takes immediate and appropriate corrective action if and when it determines that discrimination and/or retaliation occurred, and protects from retaliation any applicant or employee who files a complaint or who provides information related to a complaint or request for accommodation; and

h.   Defendant's practices comply with the ADA, the ADAAA, and this Decree; and,

7.   Ensuring that within sixty (60) days of the Effective Date, Defendant reaffirms to all California management and non-management employees its policies and procedures regarding disability discrimination and that throughout the term of the Decree, any new California employee is made aware of Defendant's policies and procedures within thirty (30) days of his/her date of hire.

8.   At least annually through the term of the Decree, discuss with the Director of Human Resources any issues identified in the audit and any recommended revisions to the policies and procedures regarding disability discrimination related to deaf and hard of hearing employees.

D.   Within one year of the Effective Date, Defendant will adopt on a nationwide basis the UPS Policy and Practice entitled, "Information for Deaf and Hard of Hearing UPS Applicants and Employees."

E.   Training

1.   Within ninety (90) days after the Effective Date, Defendant shall provide a live, interactive training that focuses on the accommodation of deaf and hard-of-hearing individuals to all Human-Resources supervisors or managers and Occupational-Health supervisors or managers with responsibilities over any employee of Defendant based in California.  The duration of Defendant's training shall be at least one hour.  The training shall address the following:

a.  The purposes and goals of the interactive process and how best to ensure those purposes and goals are achieved;

b.  Each attendee's particular role in the interactive and accommodation processes and obligations under Defendant's policies and procedures, as it relates to deaf and hard-of-hearing individuals;

c.  Methods for identifying effective accommodations; and

d.  Each attendee's obligations under ADA and ADAAA, as it relates to deaf and hard-of-hearing individuals, including with regard to disability discrimination and retaliation.

2.  Throughout the term of the Decree, on a quarterly basis, any new Human-Resources supervisor or manager, or Occupational-Health supervisor or manager, with responsibilities over any employee of Defendant based in California shall receive the initial training. This new-hire training may be a live, interactive training, or may be via video or computer if Defendant also provides contact information for the office the attendee can contact with questions.

3.  Within one-hundred eighty (180) days after the Effective Date, Defendant shall provide a live, interactive, half-hour training to all supervisors and managers with responsibilities over any employee of Defendant based in California—other than Human-Resources supervisors or managers, Occupational-Health supervisors or managers, and Legal staff members—that focuses on the accommodation of individuals that are deaf or hard of hearing. The training shall address the following:

a.  Unlawful discrimination against applicants and employees that are deaf or hard of hearing as prohibited by the ADA and ADAAA;

b.  Sensitivity to the culture of people that are deaf or hard of hearing;

c.  How to recognize an accommodation request or a potential need for an accommodation for individuals that are deaf or hard of hearing;

d. How to notify Defendant of an accommodation request or potential need for an accommodation for individuals that are deaf or hard of hearing;

e. Each attendee's particular role in the interactive and accommodation processes and obligations under Defendant's policies and procedures, as it relates to individuals that are deaf or hard of hearing;

f. Each attendee's particular role in implementing an accommodation and monitoring its effectiveness, as it relates to individuals that are deaf or hard of hearing;

g. How to address and report disability discrimination and retaliation complaints; and

h. Each attendee's obligations under ADA and ADAAA, as it relates to individuals that are deaf or hard of hearing, including with regard to discrimination and retaliation.

4. Throughout the term of the Decree, on a quarterly basis, any new supervisor or manager with responsibilities over any employee of Defendant based in California—other than Human-Resources supervisors or managers, Occupational-Health supervisors or managers, and Legal staff members—shall receive the initial training. This new-hire training may be a live, interactive training, or may be by video or computer if Defendant also provides contact information for the office the attendee can contact with questions.

5. Defendant shall collect and maintain an attendance verification form for each training required by this Decree. At least thirty (30) days prior to any group training required by this Decree, Defendant shall submit to EEOC a brief description of the intended trainer and trainees, a brief description of the intended content, and a copy of the materials to be used, provided, or presented at the training. Within fifteen (15) days after any group training required by this Decree,

Defendant shall submit to the Commission a statement verifying and briefly describing the training provided.

F.    Posting of Notice

1.    Within fourteen (14) days after the Effective Date, and throughout the term of this Decree, Defendant shall post Notice of this Decree (attached as Exhibit "A") in a clearly visible location frequented by employees at each of its facilities in California.

2.    Within twenty (20) days after the Effective Date, Defendant shall submit to the Commission a statement confirming the posting of notice.

G.    Record Keeping

1.    Defendant shall create and maintain an Accommodation Log that documents any accommodation requests pertaining to any applicant or employee based in California.  Defendant shall retain all documents relating to any accommodation requests identified in the Accommodation Log.  In the event that an employee makes any subsequent request to modify an accommodation or to implement a different accommodation, Defendant shall include in the Accommodation Log all of the information required by this section.  The Accommodation Log shall include the following information:

a.    Person making the request;

b.    Date of the request;

c.    Physical or mental impairment;

d.    Any person to whom the request for accommodation was made;

e.    Accommodation(s) requested, if any;

f.    Any person involved in the interactive process;

g.    Any records or documents made or reviewed in the course of engaging in the interactive process;

h.    Any person involved in the decision-making process regarding the request for accommodation;

i.     Accommodation provided, if any;

j.     The reason for the decision to provide or refuse any accommodation; and

k.     Complaints made by deaf or hard of hearing individuals to Human Resources regarding accommodation issues, disability discrimination issues, and/or retaliation issues.

H.     <u>Reporting</u>

1.     Within one-hundred eighty (180) days of the Effective Date, and then annually through the term of the Decree, Defendant shall provide a report to EEOC verifying that the following occurred:

a.     Defendant monitored compliance with this Decree;

b.     Defendant reviewed its disability policies and procedures to ensure they complied with federal employment-discrimination law;

c.     Defendant conducted an audit, including a description of any issues identified in the audit, any steps taken to address those issues, the result of those steps, if any, and any steps to be taken in the future;

d.     Defendant reaffirmed its policies and procedures regarding disability discrimination to all California employees and made any new California employees aware of its Employee Reference Guide and Policy Book;

e.     Defendant adopted the policy referenced in Section IX.D within the applicable time frame.

f     Defendant conducted all training required by this Decree, including specific training information required by this Decree;

g.     Defendant posted all notices required by this Decree; and

h.     Defendant maintained records required by this Decree.

2.     Within one-hundred eighty (180) days of the Effective Date, and annually throughout the term of the Decree, Defendant shall provide to the EEOC

a copy of the Accommodation Log kept in relation to any deaf or hard-of-hearing employee in California.  Defendant need not produce the related documents on an annual basis, but at EEOC's request Defendant shall provide to EEOC a copy of the documents related to deaf or hard-of-hearing employees within twenty (20) days of the request.

## X.

## COSTS

A.      Defendant shall bear all costs associated with the administration and implementation of its obligations under this Decree.

B.      Each Party shall bear its own costs of suit and attorneys' fees.

## XI.

## MISCELLANEOUS PROVISIONS

A.      During the term of this Consent Decree, Defendant shall provide any potential successor-in-interest with a copy of this Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendant's operations or facilities, or any other material change in business or corporate structure, and shall simultaneously inform EEOC of the same.

B.      During the term of this Decree, Defendant shall ensure that each of its officers, managers, supervisors, and human-resources staff is aware of any term in this Decree that is related to his/her job duties.

C.      All reporting under this Decree shall be directed to:  Anna Y. Park, EEOC Regional Attorney, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012.

D.    The Parties agree to entry of this Decree and judgment subject to final approval by the Court.

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Date: _____12/9/11_____          By: __/s/ Anna Y. Park_____
                                 Anna Y. Park
                                 Attorneys for Plaintiff EEOC


PAUL HASTINGS LLP

Date: _____12/8/11_____          By: __/s/ George W. Abele_____
                                 George W. Abele
                                 Attorneys for Defendant UPS
                                 Supply Chain Solutions


UPS SUPPLY CHAIN
SOLUTIONS

Date: _____11.18.2011_____       By: __/s/ Daniel B. Fultz_____
                                 Name of Authorized Signatory
                                 Title of Authorized Signatory


## ORDER

**GOOD CAUSE** having been shown, the provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is fair and adequate.

**IT IS SO ORDERED.**

Date:  December 20, 2011          _____
                                  Hon. Audrey B. Collins
                                  United States District Judge

15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A

# Exhibit A

## NOTICE OF CONSENT DECREE

This Notice is being posted pursuant to a Consent Decree entered by the Federal Court in the case of U.S. Equal Employment Opportunity Commission v. UPS Supply Chain Solutions; Civil Case No. 06-6210, settling a lawsuit filed by the United States Equal Employment Opportunity Commission ("EEOC").

In its suit, the EEOC alleged that Defendant UPS Supply Chain Solutions discriminated against a deaf employee due to his disability in violation of the Americans with Disabilities Act ("ADA").

To resolve this lawsuit, the parties have entered into a Consent Decree.  The Decree provides for monetary and injunctive remedies, including the following:

  1.  To ensure that its employment practices comply with federal law;
  2.  To ensure dissemination of a policy against employment discrimination.
  3.  To ensure training for all personnel with respect to the ADA; and
  4.  To ensure a work environment free from retaliation.

The EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, religion, national origin, sex, age, and genetic information.  If you believe you have been discriminated against, you may contact the EEOC at 255 East Temple St., 4th Floor, Los Angeles, CA, 90012.  The EEOC charges no fees and has employees who speak languages other than English.

No action may be taken against any employee by any UPS SCS management official for:
  1.  opposing discriminatory practices made unlawful by federal law;
  2.  filing, or assisting or participating in the filing of a charge of discrimination; or
  3.  assisting or participating in an investigation brought under Title VII.
Any such retaliatory actions should be reported to the EEOC at the address listed above.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for two (2) years from the date below and must not be altered, defaced or covered by any other material.  Any questions about this Notice or compliance with its terms may be directed to: **EEOC (Re: UPS SCS Consent Decree), 255 East Temple St., 4th Floor, Los Angeles, CA 90012.**


**Date:  December 20, 2011**                    _____

                                                        Hon. Audrey B. Collins
                                                        United States District Judge